## 58880. SLOCUM v. FIRST NATIONAL BANK OF ATLANTA.

DEEN, Chief Judge.

First National Bank of Atlanta brought suit against Slocum for the balance of an indebtedness owed on a promissory note (secured by an automobile), including interest and attorney fees. The case was tried before a judge sitting without a jury. Slocum brings this appeal contending that the trial court erred in finding that the bank had given reasonable notification to the defendant as to the sale of the repossessed property, and in failing to find that the second notice sent by certified mail was returned "unclaimed" prior to the sale of the automobile.

*Held:*

Appellant argues that the trial court's finding of fact was insufficient because it did not show that an employee of the bank testified that the notice letter which had been sent by certified mail was returned a second time on June 6, 1978, two days before the sale. " 'The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review.'

"The findings of the trial court in this case are sufficient to enable this court to understand clearly the basis of its decision and the conclusions of law reached by it." *General Teamsters Local Union No. 528 v. Allied Foods, Inc.,* 228 Ga. 479, 480 (186 SE2d 527) (1971). "Since the detailed findings are quite sufficient for purposes of review, we will not remand solely for the purpose of curing formal defects which would not affect the result reached here. [Cit.] " *Doyal Development Co. v. Blair,* 133 Ga. App. 613 (211 SE2d 642) (1974). We believe that the foregoing rules apply equally well to the present case in which the trial court included all of the facts except that the notice letter was returned to the bank two days before the sale which was held on June 8, 1978. (The record shows that the automobile was repossessed on May 9, 1978 and that on May 11, 1978 a certified letter was sent to the defendant notifying him of the repossession and the sale which was scheduled after May 19, 1978. This letter was returned marked "unclaimed" and it was again sent out on June 3, 1978.)

Where it cannot be determined if notice of the sale was returned prior to or after the sale, plaintiff's good faith in the transaction is a question for the trier of fact. *C. & S. Nat. Bank v. Morgan,* 142 Ga. App. 337 (235 SE2d 767) (1977). However, plaintiff has been held not to have carried its burden of proof on a motion for summary judgment when it does not show the date that the letter was returned and the sale was held almost four months after the notice letter was mailed. *Geoghagan v. Commercial Credit Corp.,* 130 Ga. App. 828 (204 SE2d 784) (1974).

In the present case, the court found that the plaintiff made a good faith effort to notify the defendant by sending

the notice letter a second time after it was originally returned as "unclaimed." Both times the letter was sent by certified mail to the correct address. Code Ann. § 96-1007 provides in part that "[w]hen any motor vehicle has been repossessed after default in accordance with Georgia Code Chapter 109A-9—5, the seller or holder shall not be entitled to recover a deficiency against said buyer unless within 10 days after said repossession he forwards by registered or certified mail to the address of the buyer shown on the contract, or later designated by said buyer, a notice of the seller's or holder's intention to pursue a deficiency claim against said buyer." Under this statute, there was no other way the bank could give notice and comply with the statute. We find that the trial court did not err in holding that the bank made a good faith effort to notify the defendant. Where the trial judge sits as trier of fact, his judgment will not be disturbed if there is any evidence to support it. *Saks Fifth Avenue v. Edwards,* 128 Ga. App. 380 (196 SE2d 879) (1973).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Argued November 6, 1979 — Decided November 30, 1979.

*Dennis S. Mackin,* for appellant.
*Wayne C. Crowe,* for appellee.