## 61352. HENSON v. FOREMOST INSURANCE COMPANY.

BIRDSONG, Judge.

In 1973 the appellant Henson purchased a house trailer. In the summer of 1978, Henson became five months in default on the installment payments due on the underlying note executed as payment for the trailer. The creditor (First Federal Savings & Loan) sent Henson a notification of intention to repossess and sell the trailer at private sale (as authorized by the security agreement). The trailer was repossessed and sold. The sale was confirmed and resulted in a deficiency of slightly more than $4,000. The appellee Foremost Insurance made the creditor whole and took an assignment of the note and deed. Foremost then brought suit against Henson seeking to recover the deficiency.

The only real question in this case involves the sufficiency of the notice given to Henson by the creditor (the bank) that the trailer was to be sold at private sale. The evidence shows that the bank mailed

Henson notice by certified mail to the trailer park address with return receipt requested. The post office returned that letter with the notation thereon "Moved, Left No Address." At the time the creditor mailed the notice, the creditor was aware that Henson had abandoned the trailer and was not at that time living in the trailer. The facts further show that an investigator for the creditor went to the manager of the trailer park in an effort to ascertain Henson's forwarding address. With no success from that source, the investigator made inquiry of a former neighbor, again without learning Henson's whereabouts. It is not controverted that Henson did not leave a forwarding address either at the trailer park or with the post office. Though there was a dispute as to whether the investigator knew of Henson's new location, this was left to the jury to reconcile. The trial court presented the issue of sufficiency of notice and reasonableness of the creditor's efforts to determine Henson's address to the jury. The jury found in favor of the creditor and returned a verdict in the amount of the deficiency with interest.

While appellant Henson enumerates five alleged errors, they all hinge upon the question of the reasonableness of the bank's efforts to give notice to Henson. Henson urges that there never can be adequate notice when the creditor deliberately mails notice to an address which it knows is not the present address of the debtor. *Held:*

The Uniform Commercial Code requires the seller (creditor) to give the buyer (debtor) reasonable notification of an intended private sale. Code Ann. § 109A-9—504 (3). The requirement involved is one of the creditor giving the debtor reasonable notification as distinguished from the debtor receiving such notification. *Steelman v. Assoc. Discount Corp.,* 121 Ga. App. 649, 651 (175 SE2d 62). In interpreting the sufficiency of notice, this court has held that in cases of repossession after default: " ' . . . in accordance with Georgia Code Chapter 109A-9—5, the seller or holder shall not be entitled to recover a deficiency against said buyer unless within 10 days after said repossession he forwards by registered or certified mail to the address of the buyer . . . a notice of the seller's or holder's intention to pursue a deficiency claim against said buyer.' Under this statute, there was no other way the bank could give notice and comply with the statute." *Slocum v. First Nat. Bank,* 152 Ga. App. 632, 634 (263 SE2d 516). In effect Henson does not disagree that the creditor in this case followed the only legal way of giving notice. Henson rather argues that considering the bank's (appellee's predecessor in the security deed) existing knowledge that Henson was no longer residing at the trailer park, the mailing of notice to the trailer address without more extensive effort to ascertain Henson's new address did not amount to "reasonable" efforts to send notice to Henson's last known

address.

In this latter regard, this court concluded in the *Slocum* case, supra, that the plaintiff therein made a good faith effort to notify the defendant by sending a notice letter a second time after it was returned as unclaimed. In the case sub judice, the bank did not know Henson's new address. It complied with the statute by mailing notice by certified mail to Henson's address last known to it. Upon being informed by the post office that Henson had moved without leaving a forwarding address, the creditor made two more efforts to determine Henson's new address. This certainly constitutes more extensive effort towards location than in *Slocum.* We agree with the jury's conclusion that the bank made a good faith effort to notify Henson. *Slocum v. First Nat. Bank,* supra, p. 634. As observed by appellee in its brief: "To hold as Appellant is urging would convert secured parties into detective agencies in the business of locating lost persons. To stretch the 'reasonable notification' requirements of the Uniform Commercial Code to such an extent would be . . . judicially unmanageable." There being ample evidence to support the jury's conclusion that the creditor's efforts to notify Henson were reasonable, we will not disturb that conclusion. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 16, 1981 —
REHEARING DENIED MAY 4, 1981.

*Glyndon C. Pruitt,* for appellant.
*John D. Carey, T. Michael Tennant,* for appellee.