## 62164. FRIDDELL v. RAWLINS.

POPE, Judge.

Appellant brought this action against appellee to recover the deficiency which resulted from the repossession and subsequent sale of collateral on an installment loan executed by appellee. Appellee moved for summary judgment contending that there was no evidence that a sale of the collateral had occurred and, in any event, that he had not received any notice of such a sale. After consideration of the pleadings, affidavits, exhibits and argument of counsel, the trial court issued an order granting appellee's motion for summary judgment. This appeal is from that order.

1. The trial court found no evidence that a sale of the collateral had occurred, such sale being a condition precedent for recovery in an action for a deficiency. Indeed, the record discloses that appellant's pleadings and affidavit in opposition to the motion for summary judgment are wholly lacking in this regard. However, in his answer filed in this case, appellee sets forth as affirmative defenses the bank's failure to act "in good faith *in the sale* of the secured collateral" and that "the collateral securing the promissory note . . . *was sold* subsequent and after the return to [the bank] of the notice of sale letter. . . ." (Emphasis supplied.) "A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. [Cits.] [Appellee] did not withdraw [his] pleadings with those admissions in this case. Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleading of the other. Code Ann. § 38-402. Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor." *McLendon Elec. Co. v. McDonough Const. Co.,* 145 Ga. App. 137, 146 (243 SE2d 537) (1978), revd. on other grounds *McDonough Const. Co. v. McLendon Elec. Co.,* 242 Ga. 510 (250 SE2d 424) (1978).

" 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers . . . are treated with considerable indulgence. [Cit.]' " *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d 62) (1975). It follows that the trial court erred in concluding that there was no evidence that the collateral had actually been sold.

2. The record also shows that in April, 1977 appellee executed a collateral installment note with First State Bank & Trust Company in the amount of $7,293.28; appellant signed the note as guarantor. In May, 1978 the bank transferred all right, title and interest in the note to appellant for $1,704.54. Appellant contends that the notice of sale of the collateral required by Code Ann. § 109A-9—504 was provided to appellee in a letter dated December 30, 1977 which was mailed to him by the bank. The letter was sent by certified mail to an address in Albany, Georgia which had been given to the bank by appellee at the time he executed the note. Appellee counters that he never received the letter and that the letter was returned to the bank. Appellee contends, therefore, that appellant is not entitled to recover on his action for a deficiency which may have resulted from any sale of the

collateral.

"Compliance with Code Ann. § 109A-9—504 (3) is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance." *Gurwitch v. Luxurest Furniture Mfg. Co.,* 233 Ga. 934, 936 (214 SE2d 373) (1975).[1] This section of the Uniform Commercial Code requires the seller (in this case the bank) to give the buyer (appellee) reasonable notification of an intended sale. However, "[t]he requirement involved is one of the creditor giving the debtor reasonable notification as distinguished from the debtor receiving such notification." *Henson v. Foremost Ins. Co.,* 158 Ga. App. 441, 442 (280 SE2d 848) (1981). Assuming that appellee did not, in fact, receive the letter in this case, a question of fact nevertheless remains as to whether the bank's attempted notification was reasonable. See *Vines v. Citizens Trust Bank,* 146 Ga. App. 845 (1) (247 SE2d 528) (1978); *Geoghagan v. Commercial Credit Corp.,* 130 Ga. App. 828 (204 SE2d 784) (1974). See also *Henson v. Foremost Ins. Co.,* supra; *Slocum v. First Nat. Bank,* 152 Ga. App. 632 (263 SE2d 516) (1979). Furthermore, "a debtor may 'sign after default a statement renouncing or modifying his right to notification of sale.' . . . True, [appellant] is only insisting that there was compliance with Code Ann. § 109A-9—504 (3) . . . in that there was proper notice, and not that there was any waiver. However, on consideration of a motion for summary judgment, the movant must show that no genuine issue as to any material fact remains, and that movant is entitled to judgment as a matter of law in order for judgment to be . . . entered in movant's favor. [Appellee-movant] has not shown that he has not renounced or modified his right to notification of sale, in which case no notification would be necessary. Accordingly, the [trial] court erred in awarding summary judgment to [appellee] . . . " *GEMC Fed. Credit Union v. Shoemake,* 151 Ga. App. 705, 706-707 (261 SE2d 443) (1979).

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 14, 1981.

*James L. Kraemer, G. Hughel Harrison,* for appellant.
*Richard B. Chandler, Jr.,* for appellee.

---

[1] But see *Farmers Bank v. Hubbard,* 247 Ga. 431 (276 SE2d 622) (1981).