PAUL E. CHURCH, JR. v. BART MICKLER AND WIFE, ELAINE MICKLER

No. 8023DC592

(Filed 16 February 1982)

1. **Chattel Mortgages and Conditional Sales § 19; Uniform Commercial Code § 47— private sale of collateral—effect of failure to notify debtor**

    A creditor's failure to notify the debtor of the time after which disposition of the collateral was to be made by private sale as required by G.S. 25-9-504(3)

Church v. Mickler

does not absolutely bar the creditor's right to a deficiency judgment against the debtor. Rather, the debt will be credited with the amount that reasonably could have been obtained by a commercially reasonable sale of the collateral, and lack of notice raises a presumption that the collateral was worth at least the amount of the debt, thus placing upon the creditor the burden of proving that the collateral was sold at market value.

2. **Uniform Commercial Code § 45— sale of collateral—failure to comply with statutes—applicability of sanction**

   The ten percent sanction provided by G.S. 25-9-507(1) against a creditor who disposes of collateral without complying with the statutory requirements applies only when the collateral is consumer goods and does not apply to farm equipment.

3. **Uniform Commercial Code § 47— private sale of collateral—failure to give notice to debtor—overcoming presumption that collateral was worth amount of debt**

   In an action to recover a deficiency judgment in which plaintiff creditor admitted that he did not give notice to the debtor of the private sale of the collateral, plaintiff's evidence at the hearing on a motion for summary judgment was sufficient to overcome the presumption that the collateral was worth the amount of the debt and to present a material issue of fact as to whether the collateral was sold at market value.

4. **Uniform Commercial Code § 47— private sale of collateral—failure to give notice to debtor—absence of conclusion in court's order**

   In an action to recover a deficiency judgment against the debtor after a private sale of the collateral, it was irrelevant that the trial court failed to make a conclusion of the law regarding the immediate legal consequence of plaintiff creditor's failure to notify the debtor of the time after which disposition of the collateral was to be made.

5. **Uniform Commercial Code § 46— private sale of collateral—commercial reasonableness—creditor's buying back of some items**

   A creditor's private sale of collateral (farm equipment) was not commercially unreasonable because the creditor immediately bought back some of the equipment from the purchaser where the court found that, at the time the purchaser made an offer on the equipment, he did not know that the creditor desired to buy back some of the equipment.

APPEAL by defendant from *Osborne, Judge.* Judgment signed 21 March 1980 in District Court, ALLEGHANY County. Heard in the Court of Appeals 16 November 1981.

This was an action for deficiency judgment on a lease-purchase contract describing certain farm machinery which upon default by defendants plaintiff sold at private sale. The case was filed in Wilkes County and moved to Alleghany.

The sale and security agreement, designated by the parties as an equipment lease, was executed by plaintiff, his wife, and defendants on 28 December 1976. Defendants were to make annual rental payments of $1,348 for a period of ten years, for a total due of $13,480. Defendants made only one payment before defaulting. Plaintiff, who had retained possession of the equipment, offered to take bids from three machinery dealers and an individual. Plaintiff sold the equipment under the terms of the agreement, to equipment dealer Loton Tharpe on 9 February 1978 at private sale. The equipment sold included a post driver, front-end loader, farm trailer, tractor, blade, fuel oil tank and stand, mowing machine, tillage tool, spray rig and section harrow. Plaintiff received $6,300 for the collateral and immediately bought back several of the items from Tharpe.

Plaintiff thus received a total of $7,648 on the indebtedness, leaving a balance due of $5,832 plus his reasonable expenses in retaking and selling, estimated to be $500. Plaintiff requested recovery of $6,332 plus costs of the action and attorneys fees.

Defendants answered that plaintiff's sale was not conducted in a commercially reasonable manner and that plaintiff gave defendants no notice of intent to repossess or sell the collateral and no opportunity for redemption. Defendants further alleged that the lack of notice caused them to suffer loss because they were unable to attend the sale and protect their rights, that the fact that the sale was not conducted in a commercially reasonable manner caused the sale to produce a low sum, and that the collateral was worth at least $13,480. Defendants counterclaimed for $1,348 plus interest from the date of repossession by plaintiff, and costs.

Both parties moved for summary judgment and both motions were denied. Judgment was entered for plaintiff for $5,757 and counsel fees. Defendants appeal.

*McElwee, Hall, McElwee and Cannon, by William H. McElwee, III, for plaintiff appellee.*

*Edmund I. Adams for defendant appellants.*

MORRIS, Chief Judge.

Both plaintiff and defendants violate Rule 28(b)(3) of the Rules of Appellate Procedure by failing to refer, after each question presented in their briefs, to the pertinent assignments of error and exceptions, by number and by the pages of the printed record at which they appear. Although exceptions in the record not set out in a party's brief are to be taken as abandoned, we choose to suspend the requirement, pursuant to Rule 2, in order to discuss the case on its merits.

[1] Defendants allege in their first, third and fourth assignments of error that the court erred in (1) failing to grant summary judgment in favor of defendants on the ground that plaintiff's failure to give them notice of sale pursuant to G.S. 25-9-504(3) barred plaintiff's right to a deficiency judgment, (2) in failing to include in its judgment a conclusion of law regarding the legal consequences of plaintiff's failure to give defendants notification of the time after which disposition of the collateral was to be made, and (3) in failing to find facts and make conclusions of law upon the right of defendants to a dismissal because of plaintiff's failure to give notice. Defendants' second assignment of error was abandoned. We choose to consider these assignments together, because they all turn on the question whether, in North Carolina, failure of notice to a debtor of sale of collateral bars a creditor's right to a deficiency judgment.

We said in *Hodges v. Norton*, 29 N.C. App. 193, 223 S.E. 2d 848 (1976), that

absolutely precluding recovery of a deficiency judgment would in some cases (i.e. where the collateral has been so used by the debtor before the creditor could take possession its market value was substantially below the debt) result in injustice and contravene the U.C.C. spirit of commercial reasonableness. Further, in our view the provision of U.C.C. § 9-507(1) that a debtor has a right to recover from the creditor any loss caused by failure to comply with the code contemplates the right to deficiency judgment by the creditor who fails to comply with the U.C.C. provisions in disposing of the collateral.

We hold that the debt is to be credited with the amount that reasonably should have been obtained through a sale con-

ducted in a reasonably commercial manner according to the U.C.C., and that the creditor's failure to dispose of the collateral as required by the Code raises a presumption that the collateral was worth at least the amount of the debt, which places upon the creditor the burden of overcoming such presumption by proving the market value of the collateral by evidence other than the resale price.

*Id.* at 198-99, 223 S.E. 2d at 851-52. The U.C.C. provision said to have been violated was G.S. 25-9-504(3), which reads in pertinent part:

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, . . .

The *Hodges* opinion clearly states that a creditor's failure to give the required notice does not absolutely bar a deficiency judgment. Rather, the debt will be credited with the amount that reasonably could have been obtained via a commercially reasonable sale of the collateral. Lack of notice raises a presumption that the collateral was worth at least the amount of the debt. This is not a conclusive presumption, however. It may be overcome by the creditor by proving that the collateral was sold at market value, and that the market value was less than the amount of the debt.

[2]  Plaintiff concedes that he failed to notify appellants of the sale. Defendants, relying on G.S. 25-9-504(3) and G.S. 25-9-507(1), allege that because notice was not given, they are entitled to a sanction of $1,348, which they have sought by way of counterclaim. Although $1,348 reflects the downpayment amount and is validly set forth by defendants in their motion for summary judgment as damages for that reason, we deem the argument in defendants' brief untenable. G.S. 25-9-507(1), as referred to in *Hodges v. Norton,* supra, states:

If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any per-

son entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. *If the collateral is consumer goods*, the debtor has a right to recover in any event an amount not less than the credit service plus 10 percent (10%) or the principal amount of the debt or the time price differential plus 10 percent (10%) of the cash price.

(Emphasis ours.) Defendants in their brief argue beyond recovery for loss caused by plaintiff's failure to comply, as set out in their original motion, and espouse entitlement to the ten percent sanction, which also happens to be the amount of the down payment made by them to plaintiff. Their argument is unavailing, however, as the absolute right to recovery of ten percent of the principal indebtedness only attaches when the collateral in question is consumer goods rather than farm equipment, as here. G.S. 25-9-109 explains that goods are

(1) "consumer goods" if they are used or bought for use primarily for personal, family or household purposes;

(2) "equipment" if they are used or bought for use primarily in business (including farming or a profession . . .)

The collateral sold by plaintiff and upon which the deficiency judgment was sought is clearly farm equipment, in no way classifiable as consumer goods.

[3] We find no error in the trial court's refusal to grant summary judgment in favor of defendants, because the rule in North Carolina, enunciated in *Hodges*, is that a creditor's failure to give the debtor notice of the sale of the collateral does not bar the creditor from obtaining a deficiency judgment against the debtor, provided that the creditor can prove that the sale resulted in the collateral's bringing its market value. *Id.* The basis for entry of summary judgment is a determination by the court that based upon the pleadings, depositions, answers to interrogatories, admissions and affidavits, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. The affidavit of plaintiff indicates that he talked with Mr. Tommy Andrews, an equipment dealer in Great Glade

Valley, North Carolina, concerning the collateral and that Mr. Andrews submitted a bid for the equipment in the amount of $6,050, somewhat less than the $6,300 eventually paid by Loton Tharpe for the equipment. By his affidavit, plaintiff also says he consulted with another potential buyer, Surry Tractor and Implement Company, but that the Company was not interested in purchasing the equipment. Tharpe, a buyer and seller of tractors, farm equipment and implements, by his affidavit stated that he was familiar with the value of such equipment and that the price he paid, $6,300, was the fair and reasonable market value of all the equipment. Plaintiff thus showed the presence of a material issue of fact with regard to the presumption in favor of defendant that the collateral was worth at least the amount of the debt, which presumption arose due to lack of notice. Summary judgment for defendants was not, therefore, appropriate.

[4] Defendant contends that the trial court erred in failing to include in its final judgment a conclusion of law regarding the legal consequences of plaintiff's failure to give notice. Rule 52(a)(1) requires that "(i)n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." The trial judge's second conclusion of law was that "the plaintiff was authorized to take possession of said equipment and sell the equipment in a commercially reasonable manner, and thereafter apply the proceeds to the indebtedness due under the agreement." His third conclusion stated that "(t)he manner of sale of said equipment by the Plaintiff was done in a commercially reasonable manner." Because we have held that where there is failure of notice, the debt is to be credited with the amount that reasonably should have been obtained through a sale conducted in a reasonably commercial manner, *Hodges v. Norton,* supra, it is irrelevant that the court did not make a conclusion of law regarding the immediate legal consequences of plaintiff's failure to give notification of the time after which disposition was to be made. Clearly, failure of notice raised a presumption that the collateral was worth at least the amount of the debt, placing upon plaintiff the burden of overcoming the presumption by proving the market value of the collateral. The judge evidently felt that plaintiff carried his burden and found as a fact that "there was no evidence that any other manner of sale of said

equipment would have produced a greater price for the equipment." What is important, therefore, is whether the sale was conducted in a commercially reasonable manner, a conclusion the formulation of which necessarily subsumes the consideration of failure of notice and the presumption attaching thereto.

Defendants also contend that the court erred in failing to find facts and make conclusions of law upon the right of defendants to a dismissal of plaintiff's action because of the failure to give notice. We stated above that failure to give notice alone is not enough to defeat an action for a deficiency judgment. Furthermore, the judge's failure to find facts and make conclusions of law is irrelevant, as Rule 41(b) requires that if the court renders judgment on the merits against the plaintiff, it shall make those findings as provided in Rule 52(a). Judgment was not, of course, rendered against plaintiff below. Indeed, the record fails to reveal that defendant even moved to dismiss after plaintiff completed the presentation of his evidence.

[5] Defendants, having abandoned their sixth assignment, attach the court's finding of commercial reasonableness in their fifth and seventh assignments of error. In order to recover a deficiency, the creditor must prove that the disposition of the collateral was commercially reasonable. *Credit Co. v. Concrete Co.*, 31 N.C. App. 450, 229 S.E. 2d 814 (1976). It is our opinion that the court was correct in concluding that the sale of the equipment by the plaintiff was accomplished in a commercially reasonable manner.

> A secured party seeking a deficiency judgment under G.S. 25-9-502 (Cum. Supp. 1977) has the burden of establishing compliance with the twin duties of reasonable notification and commercially reasonable disposition. (Citations omitted.)

*Bank v. Burnette*, 297 N.C. 524, 529, 256 S.E. 2d 388, 391 (1979). Both requirements are included in G.S. 25-9-504(3), which embodies the mandate that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." G.S. 25-9-504(3). Defendants do not question the practical aspects of method, manner, time, place, terms, or even price, but charge self-dealing, referring to the sale as a mere "straw" transaction in that plaintiff sold the collateral, then immediately bought back some of the equipment from Tharpe.

The trial was by the judge without a jury. He found as trier of the facts that "[a]t the time Mr. Tharpe arrived to pick up said equipment, the Plaintiff decided to repurchase some of the equipment back from Mr. Tharpe, which Mr. Tharpe agreed to, and these items of equipment were resold to the Plaintiff for the sum of $3300.00, which the Plaintiff paid Mr. Tharpe by check on the same day." It is a well-established rule in North Carolina that the court's findings of fact are conclusive if there is evidence to support them, *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975), and judgment supported by such findings will be upheld. *Brooks v. Brooks*, 12 N.C. App. 626, 184 S.E. 2d 417 (1971). Both plaintiff and Mr. Tharpe testified as to the transaction. Mr. Tharpe testified that "[a]t the time I made the offer, Mr. Church and I had not discussed the part about him purchasing part of the property back. I did not know he was going to take some of it back." The credibility of a witness is to be resolved by the fact finder. *Laughter v. Lambert*, 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Since there was competent evidence to support the judge's findings of fact, and these in turn support his conclusions that the sale was commercially reasonable, the judgment is conclusive on appeal.

Defendants contend, without benefit of stated authority, that a "straw" sale may not be commercially reasonable as a matter of law. We do not share this view. The trier of fact must consider all the elements of the sale together in deciding the issue of reasonableness. *Allis-Chalmers Corp. v. Davis*, 37 N.C. App. 114, 245 S.E. 2d 566 (1978). It is not manifest that the transaction between plaintiff and Tharpe amounted to self-dealing by the secured party. The court must be allowed to plumb the circumstances surrounding the sale and reach its own determination of commercial reasonableness or lack thereof.

In their final two assignments of error, defendants contend that the court erred in failing to find facts and make conclusions of law on their counterclaim and in failing to grant judgment thereon. They also reiterate the mistaken belief that they are absolutely entitled to recover ten percent of the original principal amount of the debt. We repeat that the ten percent provision relates to consumer goods but is inapplicable to farm equipment, and refer appellants to our discussion herein regarding commercial reasonableness and the circumstances under which a debtor

Church v. Mickler

has a right to recover from a secured party who fails to comply with Part 5, Article 9, Chapter 25 of the General Statutes.

The judgment rendered below is

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.