No. 92-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

FIRST NATIONAL BANK OF LEWISTOWN,
a Banking Corporation,

     Plaintiff and Respondent,

-vs-

GARY L. MORK,

     Defendant and Appellant.

GARY L. MORK,

     Third-Party Plaintiff,

-vs-

THERESA DESMANAIS, f/k/a THERESA
O'REILLY and THERESA MORK,

     Third-Party Defendant.

FILED

APR 7 - 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
                In and for the County of Fergus,
                The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Jerrold L. Nye; Nye & Meyer, Billings, Montana

     For Respondent:

          James L. Stogsdill, Attorney at Law, Lewistown,
          Montana

Submitted on Briefs:  January 21, 1993

Decided:  April 7, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Gary Mork (Mork) appeals from a judgment entered in the Tenth Judicial District Court, Fergus County, ordering him and third-party defendant Theresa Desmanais (Desmanais) to pay the deficiency incurred by respondent First National Bank of Lewistown (the Bank) upon the sale of collateral securing the debt on a promissory note. We affirm.

The dispositive issue on appeal is whether the Bank met the statutory notice requirements of §§ 30-1-201(26) and 30-9-504(3), MCA.

On March 17, 1980, Mork and Desmanais, who was Mork's wife at the time, borrowed $15,000 from the Bank to purchase a mobile home. They signed a promissory note promising to pay the Bank a total of $38,899.80 in principal and interest over a fifteen-year period. The mobile home was listed as collateral for the loan and the Bank properly perfected a security interest in it.

The Morks listed their address as #17 Hickory Lane, Lewistown, Montana, on all of the loan documents, including the promissory note, the security agreement, the HUD/FHA credit application, the HUD/FHA placement certificate, and the purchase documents from the mobile home dealer. They listed #6 Willow Lane, Lewistown, Montana, as their previous address on the HUD/FHA credit application. At the time they signed the documents, though, they had not moved to #17 Hickory Lane as that was the address where the mobile home eventually was to be located.

Mork and Desmanais eventually divorced. According to Mork's

2

third-party complaint, Desmanais received the mobile home in the divorce and agreed to indemnify him for any claims the Bank might have against him.

Due to financial difficulty in July 1987, Desmanais entered a loan extension agreement allowing her to forego paying two monthly installments and extending the maturity date of the loan. In October 1988, the Bank contacted Desmanais because she was again behind in her payments. After conferring with her attorney, Desmanais voluntarily turned the mobile home over to the Bank. Once the Bank had regained title it sent both Desmanais and Mork a request to waive the requirement that the Bank notify them when it intended to sell the mobile home. Desmanais signed this request. The Bank sent Mork's request by regular and certified mail to #6 Willow Lane. The post office returned the requests unopened. The Bank also sent Desmanais and Mork a document entitled "NOTICE OF PRIVATE SALE AND RIGHT TO REDEEM REPOSSESSED COLLATERAL." It sent Mork's copy to #6 Willow Lane. This document also was returned unopened.

The Bank eventually sold the home through a mobile home realtor for $4,000. After paying lot rental and commission, the Bank received $3,173, leaving a deficiency of $8,088.24 still due and owing on the note. The Bank sued only Mork for the deficiency. Mork filed a third-party complaint against Desmanais seeking to be indemnified for any judgment entered against him. She did not appear in this action, so her default was entered. The District Court awarded the Bank a judgment against Mork and Desmanais for a principal balance of $8,088.24 on the note; interest of $4,245.39;

3

attorney's fees of $500; and costs of $180.50. The District Court also allowed Mork to recover from Desmanais any and all sums he paid to the Bank by reason of the judgment.

On appeal, Mork claims that the Bank is not entitled to a deficiency judgment against him because it failed to satisfy the notice requirements of § 30-9-504(3), MCA. That section provides in pertinent part:

> 30-9-504. **Secured party's right to dispose of collateral after default - effect of disposition.**
>
> . . .
>
> (3) (a) . . . [E]very aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. . . . [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. . . .
>
> (b) Notification by the secured party is reasonable under subsection (3)(a) and constitutes steps reasonably required to inform another in the ordinary course under 30-1-201(26) if it is sent by certified mail to the most recent address provided by the debtor or another secured party as follows:
>
> (i) the address stated on the security agreement or other applicable loan document in the case of a debtor . . .
>
> (ii) such other address of which the secured party receives notice in writing from the debtor . . . prior to the time notification is sent to the most recent address previously given under subsection (3)(b)(i) or this subsection (3)(b)(ii).

Section 30-1-201(26), MCA, referenced in subsection 3(b) above, provides:

A person "notifies" or "gives" a notice or notification

4

to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. . . . .

The secured party bears the burden of proving the commercial reasonableness of the sale, including the commercial reasonableness of the notification. Bank of Sheridan v. Devers (1985), 217 Mont. 173, 176, 702 P.2d 1388, 1390. Failure to give reasonable notice precludes the secured party from recovering a deficiency judgment. Bank of Sheridan, 702 P.2d at 1390; Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 523, 731 P.2d 327, 331; Wippert v. Blackfeet Tribe (1985), 215 Mont. 85, 90, 695 P.2d 461, 465. However, § 30-9-504(3), MCA, must be read in conjunction with § 30-1-201(26), MCA, which does not require that the debtor receive actual notice of the sale; it only requires that the creditor take reasonable steps to assure that the debtor is notified. Talcott, Inc. v. Reynolds (1974), 165 Mont. 404, 410, 529 P.2d 352, 355; Dulan v. Montana Nat'l Bank (1983), 203 Mont. 177, 184, 661 P.2d 28, 31.

Mork relies solely on Bank of Sheridan and Westmont Tractor Co. to argue that because the notices were sent to #6 Willow Lane rather than #17 Hickory Lane--the address on the loan documents-- the notice requirements of § 30-9-504(3), MCA, have not been met, so the Bank is precluded from recovering a deficiency from him.

Michael Phillips, assistant vice-president of the Bank, testified as to the Bank's efforts to locate Mork. Mr. Phillips asked Desmanais if she knew how to contact Mork. She informed him that she had not spoken with Mork since their divorce. Mr. Phillips also explained why the notices were sent to #6 Willow

5

Lane. His understanding was that the mobile home would eventually be placed at #17 Hickory Lane, but at the time the documents were signed, the Bank knew that the Morks lived at #6 Willow Lane. It is undisputed that the Morks never sent written notice to the Bank that they had actually moved to #17 Hickory Lane. In fact, the Bank finally located Desmanais and the mobile home in Colstrip. Further, the District Court found that following the closing of the loan the Bank had sent all correspondence and notification to the Morks at #6 Willow Lane, none of which were returned to the Bank. Finally, when Mork moved from Lewistown, he did not notify the Bank where he could be contacted.

The Bank sent notice to Mork at his last known address. We conclude that the Bank satisfied the statutory notice requirements under these facts. Having concluded that the Bank could properly recover a deficiency judgment, we need not address Mork's request for penalties and attorney's fees.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

April 7, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Jerrold L. Nye
Nye & Meyer, P.C.
3317 Third Avenue North
Billings, MT  59101

James L. Stogsdill
Attorney at Law
314 Bank Electric Building
Lewistown,  MT  59457

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy