**In re Donald Wayne MARSHALL and Carla Renee Whitaker Marshall, Debtors.**

**Bankruptcy No. B–96–51144 C–13W.**

United States Bankruptcy Court, M.D. North Carolina.

Dec. 16, 1997.

John H. Boddie, Greensboro, NC, for Debtors.

Susan C. Campbell, Stover, Cromer & Bennett, King, NC, for Green Tree Financial Corp.

Kathryn L. Bringle, Chapter 13 Standing Trustee, Greensboro, NC.

## ORDER DENYING DEBTORS' OBJECTION TO DEFICIENCY CLAIM

CATHERINE R. CARRUTHERS, Bankruptcy Judge.

**THIS MATTER** coming on for hearing, after due and proper notice, before the undersigned bankruptcy judge in Winston–Salem, North Carolina on October 8, 1997, upon the Debtors' objection to a deficiency claim filed by Green Tree Financial Corporation (hereafter "Green Tree"). Kathryn L. Bringle appeared as the Chapter 13 Standing Trustee, John Boddie appeared on behalf of the Debtors, and Susan C. Campbell appeared on behalf of Green Tree. The court, after a review of the record and the testimony presented and the arguments of counsel, makes the following findings of fact.

1. The Debtors filed for protection under Chapter 13 of the Bankruptcy Code on August 16, 1996. At that time, Green Tree held a duly perfected security interest in a 1989 mobile home and had filed a proof of claim

with the bankruptcy court evidencing a secured debt in the amount of $15,275.04.

2. The Debtors' Chapter 13 plan was confirmed on October 17, 1996, and provided for monthly payments to Green Tree. Subsequently, Green Tree filed a motion for relief from stay asserting that the Debtors' had failed to make the adequate protection payments provided for in the Debtors' Chapter 13 plan, and on March 10, 1997, this court entered a consent order granting Green Tree's motion to lift the stay providing that the mobile home would be turned over to Green Tree effective April 1, 1997, and that Green Tree would have 120 days, or up to August 1, 1997, within which to file a deficiency claim.

3. On July 1, 1997, Green Tree timely filed a deficiency claim in the amount of $13,341.38. On August 22, 1997, the Debtors filed an objection to this deficiency claim contending that the sales price of the mobile home was unconscionably inadequate and that the sale was not commercially reasonable. This hearing is the result of the filing of Green Tree's deficiency claim and the Debtors' objection thereto.

4. Green Tree disposed of the property by way of private sale on the 25th day of May, 1997, to a purchaser that is not affiliated with Green Tree.

5. Notice of the private sale and right to redeem was sent to the Debtors' last known address by first class and certified mail. It is undisputed that Green Tree knew that the Debtors had vacated their home and were no longer residing at that address when the notice was sent. The certified mail was returned. There was no evidence as to the receipt or the denial of receipt of the notice which was sent via first class mail.

6. Green Tree presented testimony from an appraiser and co-manager of one of the Green Tree branches detailing the poor condition of the home. This representative also testified as to similar market values and comparable mobile home sales. Green Tree made a physical inspection of the unit and based upon the physical inspection of the unit decided to use a wholesale liquidation rather than liquidate through retail. The decision was made after obtaining an estimate of $4,445 to make repairs to the home. Green Tree's expert testified that after inspection of the unit he believed the unit to have a value of $5,500. Detailed information regarding the unit was sent to 30 dealers. Thereafter, three offers were obtained with the last and highest offer being $2,650.

7. The Debtors were not present at the hearing and did not present any evidence.

## ISSUE

The issue before this court is whether the secured creditor, Green Tree, conducted a private sale of the collateral in a commercially reasonable manner pursuant to the Uniform Commercial Code, specifically North Carolina General Statute § 25–9–504.

## DISCUSSION

North Carolina General Statute § 25–9–504(3) states in relevant part, that

Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, but every aspect of the disposition, including the method, manner, time, place, and terms must be commercially reasonable.

The Debtors contend that the sale was not commercially reasonable in that (1) the sales price was unconscionably disproportionate to the amount of the debt; and (2) Green Tree did not give the Debtors proper notice of the private sale.

North Carolina specifically authorizes disposition of collateral by private sale. *Associates Fin. Serv. Corp. v. Welborn,* 269 N.C. 563, 566, 153 S.E.2d 7, 9 (1967). A creditor, when seeking a deficiency, has the burden of proving that the sale was conducted in a commercially reasonable manner. *Church v. Mickler,* 55 N.C.App. 724, 731, 287 S.E.2d 131, 135 (1982). The creditor must also show compliance with reasonable notification. *Don Jenkins & Son Ford–Mercury, Inc. v. Catlette,* 59 N.C.App. 482, 483, 297 S.E.2d 409, 410 (1982).

The first issue to be determined is if the private sale was commercially reasonable.

Pursuant to N.C. Gen.Stat. § 25–9–507(2)

The fact that a better price could have been obtained by a sale of a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the current price in such market at the time of the sale or if he has otherwise sold in conformity with the reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner.

■ Based on the testimony presented by Mr. John Pearson, who was qualified as an expert, the facts appear abundantly clear that this property was sold in a manner which is accepted in the mobile home industry. The property was inspected, a list of repairs was made, and a determination was made that a better price could be obtained by selling this unit at a wholesale rather than a retail price. Information about this particular unit was transmitted to 30 dealers, and three dealers made offers. The fact that the price obtained ($2,650) was less than what Green Tree's expert had estimated to be the fair market value of the unit ($5,500) does not make the sale commercially unreasonable. See Allis–Chalmers Corp. v. Davis, 37 N.C.App. 114, 245 S.E.2d 566 (1978).

■ As to the first issue, the court finds that Green Tree's private sale of the Debtors' mobile home in obtaining a sales price of $2,650 constitutes a commercially reasonable sale, and that the final sales price was representative of the condition of the mobile home and was relative to other prices obtained on comparable mobile homes. The testimony provided by Green Tree is sufficient to justify a finding that the sales price obtained was not commercially unreasonable.

The second issue raised by the Debtors is the sufficiency of the notice of sale to the Debtors. N.C. Gen.Stat. § 25–9–504(3) states in relevant part:

Reasonable notification of the time and place after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.

N.C. Gen.Stat. § 25–1–201(26) defines notification as in relevant part:

By taking such steps as may be reasonably required to inform the other in the ordinary course whether or not such other comes to know of it.

The Uniform Commercial Code further defines the term "send" as, in relevant part, if there is no agreed upon address, to an "address reasonable under the circumstances." N.C. Gen.Stat. § 25–1–101(38).

There was no testimony presented as to whether the Debtor did not actually receive notice of the private sale, thus this court must examine whether Green Tree met its burden of proving that its efforts were reasonable. Green Tree presented testimony that the notice of private sale was sent certified mail, return receipt requested, to the address of the Debtors at the mobile home. Testimony was elicited by Debtors' attorney that the Debtors had already abandoned the mobile home and that Green Tree has access to that information. Green Tree sent via first class mail notice to the same address, yet no testimony was presented as to whether that notice was returned as well. No forwarding address was received by Green Tree from the Debtors.

While the court could find no North Carolina case with the identical notice issue as in the present case, the Georgia Court of Appeals has decided a deficiency claim similar to the instant factual pattern in this case. See Henson v. Foremost Ins. Co., 158 Ga. App. 441, 280 S.E.2d 848 (1981). In that case, the creditor sent notification of its intention to sell a mobile home at private sale by certified mail to the address of the debtor at the mobile home. At the time the notice was sent, the creditor was aware that the debtor had already abandoned the home. Although it was questionable in that case as to whether the secured party eventually ascertained the debtor's forwarding address, the Superior Court jury ultimately determined that the notice sent to the mobile home, although abandoned, was sufficient and reasonable. The Georgia Court of Appeals upheld the jury's findings. Id. at 443, 280 S.E.2d at 850.

■ Likewise, this court finds that notice was sufficient and reasonable under the circumstances. Green Tree acted reasonably by sending the letter certified mail to the Debtors and by sending notice by first class mail. There was no evidence presented that the letter sent by first class mail was ever returned, no evidence that the Debtors did not receive such notice, and no evidence that the Debtors had even given Green Tree a new address. Absent such evidence, this court cannot find that Green Tree was unreasonable in its efforts to notify Debtors of private sale by sending notification to Debtors' last known address. Other courts that follow the Uniform Commercial Code § 25–9–504(3) have indicated that sending notice to Debtors' last known address was a factor in determining that notice was likewise proper, even in the private sale context. *See First Nat'l Bank v. Mork,* 257 Mont. 495, 850 P.2d 954 (1993) (notice of private sale by bank sent to last known address listed as a previous address on HUD/FHA application proper). *Cheshire v. Walt Bennett Ford, Inc.,* 31 Ark.App. 90, 788 S.W.2d 490 (1990) (private sale of collateral commercially reasonable and notice proper where notice mailed to location from which collateral was repossessed, was where debtor's wife lived, and was debtor's last known address); *First Nat'l Bank and Trust Co. v. Hermann,* 205 Neb. 169, 286 N.W.2d 750 (1980) (notice of private sale sent certified mail to last known address and forwarded to correct address deemed sufficient even though notice was unclaimed).

■ Even if notice was not proper, North Carolina law is well established that if there is any failure to conduct the sale in a commercially reasonable manner, a presumption is raised that the value of the collateral is at least valued at the amount of the debt. *NationsBank of North Carolina v. American Doubloon Corp.,* 125 N.C.App. 494, 500, 481 S.E.2d 387, 390 (1997); *Church,* 55 N.C.App. at 724, 727–28, 287 S.E.2d at 133 (1982). However, the creditor may then present testimony that the collateral was actually sold for its market value. *Id.* at 729, 287 S.E.2d at 133. The court is satisfied that Green Tree presented sufficient testimony that the mobile home was in fact sold for market value, thereby rebutting any such presumption that the value of the mobile home is equal to the amount of the debt.

Accordingly, this court finds that Green Tree has met its burden of proving that the private sale of the collateral at issue was commercially reasonable and that notice to Debtors was sufficient.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Debtors' objection to Green Tree's deficiency claim is denied.