GEORGE J. HODGES v. LUTHER JAMES NORTON, SR., ALICE NORTON

No. 7510SC900

(Filed 21 April 1976)

1. **Uniform Commercial Code § 79— public sale of collateral — presumption of commercial reasonableness**

   If a secured creditor elects to dispose of the collateral by public sale, G.S. 25-9-601 *et seq.* creates a conclusive presumption of commercial reasonableness if the secured party substantially complies with the "Public Sale Procedures" provisions of the Uniform Commercial Code.

2. **Uniform Commercial Code § 79— public sale of collateral — failure to give debtor notice by mail — commercially reasonable disposition**

A tractor which was collateral for a purchase money security agreement was not disposed of by the secured creditor in a commercially reasonable manner where (1) notice of the same was posted at the courthouse door but the debtors were not given notice by registered or certified mail as required by G.S. 25-9-603(2), and (2) there was no evidence that the collateral was sold in any recognized market for used tractors, that it was sold at the price current in any such market, or that it was sold in conformity with reasonable commercial practices among tractor dealers. G.S. 25-9-507(2).

3. **Uniform Commercial Code § 79; Chattel Mortgages and Conditional Sales § 19— public sale of collateral — manner not commercially reasonable — deficiency judgment — presumption of value**

Where a secured creditor disposes of collateral without giving the debtor proper notice and in a manner that is not commercially reasonable, the debt is to be credited with the amount which reasonably should have been obtained through a sale conducted in a reasonably commercial manner according to the Uniform Commercial Code, and it will be presumed that the collateral was worth at least the amount of the debt, thereby placing on the creditor the burden of overcoming such presumption by proving the market value of the collateral by evidence other than the resale price; furthermore, if the debtor asserts damages or penalty against the creditor under G.S. 25-9-507(1), the recovery by deficiency is subject to credit or offset by such damages or penalty.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 22 July 1975, WAKE County, Superior Court. Heard in the Court of Appeals 19 February 1976.

In his verified complaint plaintiff alleged that on 1 September 1970 defendants executed for $12,500.00 a purchase money security agreement on "a 1962 Kenworth Tractor 76626"; that defendants paid $370.00 on the note; that defendants defaulted; that the tractor was sold on 18 January 1971 for $2,500.00; and that defendants are indebted to plaintiff in the sum of $9,945.00.

Defendants in their answer admitted execution of the note and security agreement, the payment of only $370.00, and alleged that the default sale was not according to law.

Plaintiff filed motion for summary judgment, supported by two affidavits: (1) by that of plaintiff in which he alleged that the default sale was advertised for a period of two weeks as by law provided; and (2) by W. T. Shaw in which he alleged that he posted a notice of sale at the courthouse door on 4 January 1971; that he sold the Kenworth tractor at public auction on 18 January 1971 as provided by law.

Defendants filed affidavits in opposition of (1) a tractor dealer stating that the tractor was worth $7,500.00 at the time of default sale, and (2) defendant Luther James Norton, Sr., stating that he used the tractor one month and returned it to plaintiff in good condition, at which time it had a fair market value of $12,500.00, and that neither he nor his wife had received any notice of sale.

The motion for summary judgment was denied.

Jury trial was waived, and the only witness was W. T. Shaw, who testified that he posted a notice of sale only at the courthouse door; that he did not notify defendants of the sale; and that the purchaser at the sale was Edna Hollis, who worked for Square Deal Transfer, a corporation owned by plaintiff. By stipulation the court received in evidence the promissory note and security agreement and the notice of sale.

The trial court found facts, concluded that plaintiff did not comply with the notice provisions of the Uniform Commercial Code, did not dispose of the Kenworth tractor in a commercially reasonable manner, and was not entitled to a deficiency judgment. From judgment dismissing the action, plaintiff appealed.

*Johnson and Johnson by W. Glenn Johnson; Boyce, Mitchell, Burns & Smith by Thomas G. Farris for plaintiff appellant.*

*Tharrington, Smith & Hargrove by Wade M. Smith for defendant appellees.*

CLARK, Judge.

The evidence for plaintiff tends to show that on 4 January 1971, W. T. Shaw, attorney for plaintiff, posted at the courthouse door the following notice:

"NOTICE OF SALE OF PERSONAL PROPERTY.

Under, by virtue of and in accordance with G.S. 45-21.13, G.S. 45-21.16 and G.S. 45-21.18 and that Title Retaining Contract dated September 1, 1970, executed by Luther James Norton, Sr., and his wife, Alice Norton, default having been made in the indebtedness secured thereby, the undersigned holder of said indebtedness and said Title Retaining Contract, will offer for sale and sell to the highest bidder for cash at public auction at the Wake County

Courthouse (East Door) in the City of Raleigh, County of Wake, State of North Carolina, at 12 O'Clock Noon on Monday, January 18, 1971, certain personal property, to-wit: a 1962 Kenworth Tractor 76626.

This 4th. day of January, 1971.

> George Judson Hodges
> P. O. Box # 155
> Raleigh, N. C. 27554"

The trial court found as a fact that no effort was made to notify the defendants of the default sale. The testimony of W. T. Shaw, the only witness at trial, supports this finding.

G.S. 25-9-504(3) reads in part:

> "Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. . . . "

[1] If the secured creditor elects to dispose of the collateral by public sale, G.S. 25-9-601, et seq., creates a conclusive presumption of commercial reasonableness if the secured party substantially complies with the "Public Sale Procedures" provisions of the Uniform Commercial Code procedures. These procedures are not a part of the "Official Text of the U.C.C." but are in effect in North Carolina and appear to be peculiar to this State. *Graham v. Bank,* 16 N.C. App. 287, 192 S.E. 2d 109 (1972). These procedures provide for the contents of notice of sale (G.S. 25-9-602), the posting and mailing notice of sale (G.S. 25-9-603), and other provisions which are not relevant to the questions involved in this appeal.

Plaintiff assigns as error the finding of the trial court that the tractor was not sold in a commercially reasonable manner, contending that he posted notice at the courthouse more than five days preceding the sale as provided by G.S. 25-9-603; that though he did not "at least five days before the date of sale, mail by registered or certified mail a copy of the notice of sale to each debtor," as provided by the statute, compliance with the "Public Sale Procedures" (G.S. 25-9-601, et seq.) is not mandatory; and that a public sale may be commercially reason-

able even though it does not fully comply with the statute. While the contention is correct, the assignment has no merit. The "Procedures" statutes providing for notice have the purpose of enabling the debtor to protect his interest in the collateral by paying the debt, finding a buyer, or being present at the sale to bid, so that the collateral is not sacrificed by a sale at less than its true value. .

[2]  In the case at bar the defendant-debtors had no notice other than the posting of the notice of sale at the courthouse. To hold that the posting of a notice of sale at the courthouse for at least five days prior to the date of sale constitutes a disposition of the collateral in a commercially reasonable manner would completely ignore the facts of commercial life and contravene the purpose and policy of the Uniform Commercial Code. See G.S. 25-1-102. That the posting of a notice at the courthouse is no longer an effective means of getting notice to the debtor is recognized by Public Sale Procedures statute G.S. 25-9-603(2), which provides that *in addition* to the posting of a notice of sale at the courthouse door "the secured party . . . shall at least five days before the date of sale, mail by registered or certified mail a copy of the notice of sale to each debtor obligated under the security agreement." This statute must be read and construed in conjunction with G.S. 25-9-504(3) which provides: "Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale . . . shall be sent by the secured party to the debtor . . . . " It also states " . . . but every aspect of the disposition including the method, manner, time, place and terms *must be commercially reasonable."* (Emphasis added.)

The term "commercially reasonable" is not specifically defined in the Uniform Commercial Code, as are many other words and terms, but G.S. 25-9-507(2) gives us some guiding rules. Certain manners of disposition are stated therein to be legally deemed to be *commercially reasonable:* (1) if sold "in the usual manner in any recognized market" for the collateral; (2) if sold "at the price current in such market at the time of . . . sale"; and (3) if otherwise "sold in conformity with reasonable commercial practices among dealers in the type of property sold."

*Sub judice,* applying these criteria to the public sale, there is no evidence that the collateral was sold in any recognized

market for used tractors, that it was sold at the price current in any such market, or that it was sold in conformity with reasonable commercial practices among tractor dealers.

We concur with the ruling that the tractor was not sold in a commercially reasonable manner. The trial court further ruled that because of the failure of the creditor to so comply, the creditor could not recover a deficiency judgment against the debtor in any amount. G.S. 25-9-507(1) in part provides for restraint by court order of a creditor who proposes to dispose of the collateral in an unreasonable manner, and for a recovery for damages where the unreasonable disposition has been concluded. However, the statute makes no provision for barring recovery of a deficiency judgment. This problem has been treated in various ways by other courts. It is generally held that a creditor's failure to give the notice required under U.C.C. § 9-504(3) and dispose of the collateral in a commercially reasonable manner precludes or limits his right to recover a deficiency judgment. See Anno., 59 A.L.R. 3d 401 (1974).

Many, perhaps a majority, of the courts hold that the creditor's failure to give the required notice constitutes an absolute bar to the recovery of a deficiency judgment. Anno., 59 A.L.R. 3d, at 409. This view often rests upon the rationale that since the creditor's noncompliance with the notice requirements deprived the debtor of his right of redemption under which he could have required possession of the collateral by payment of the amount owed and could thereby have eliminated any deficiency, the creditor should not be allowed to recover a deficiency judgment under such circumstances.

It is our view that absolutely precluding recovery of a deficiency judgment would in some cases (i.e., where the collateral has been so used by the debtor before the creditor could take possession its market value was substantially below the debt) result in injustice and contravene the U.C.C. spirit of commercial reasonableness. Further, in our view the provision of U.C.C. § 9-507(1) that a debtor has a right to recover from the creditor any loss caused by failure to comply with the Code contemplates the right to deficiency judgment by the creditor who fails to comply with the U.C.C. provisions in disposing of the collateral.

[3] We hold that the debt is to be credited with the amount that reasonably should have been obtained through a sale con-

ducted in a reasonably commercial manner according to the U.C.C., and that the creditor's failure to dispose of the collateral as required by the Code raises a presumption that the collateral was worth at least the amount of the debt, which places upon the creditor the burden of overcoming such presumption by proving the market value of the collateral by evidence other than the resale price. *Barker v. Horn*, 245 Ark. 315, 432 S.W. 2d 21 (1968) ; *T. & W. Ice Cream, Inc. v. Carriage Barn, Inc.*, 107 N.J. Super. 328, 258 A. 2d 162 (1969) ; *Tauber v. Johnson*, 8 Ill. App. 3d 789, 291 N.E. 2d 180 (1972).

And if the debtor asserts damages or penalty against the creditor under G.S. 25-9-507(1) the recovery by deficiency is subject to credit or offset by such damages or penalty. *Tauber v. Johnson, supra.*

That part of the judgment concluding that the plaintiff did not dispose of the Kenworth tractor in a commercially reasonable manner as required by the U.C.C. is affirmed, and that part of the judgment denying plaintiff a deficiency judgment is reversed, and this cause is remanded for determination of what sum, if any, the plaintiff is entitled to recover of the defendants in accord with this opinion.

Affirmed in part and reversed in part.

Judges MORRIS and VAUGHN concur.