WACHOVIA BANK AND TRUST COMPANY, N.A. v. DONNIE R. MURPHY, CHARLES R. MURPHY, AND LOUISE MURPHY

No. 778DC178

(Filed 20 June 1978)

1. **Uniform Commercial Code § 79— sale of collateral—commercial reasonableness assumed—due process requirements met**

    The provision of G.S. 25-9-601 which provides "any disposition of the collateral by public sale wherein the secured party has substantially complied with the procedures provided in this part [Part 6] shall conclusively be deemed to be commercially reasonable in all respects" does not offend the due process clause of the Fourteenth Amendment to the Constitution of the U.S. or the due process requirements of Article I, Section 19 of the Constitution of N. C., since the debtor is protected by other provisions of Part 6 which give the debtor ample opportunity to protect his interest by paying the debt, finding a buyer, or being present at the sale to bid, so that the collateral is not sacrificed by a sale at less than its true value, and by provisions which state that if the secured party fails to substantially comply with the procedures provided in Part 6, the debtor, in a suit by the secured party for a deficiency judgment, may contest the matter by appropriate responsive pleadings alleging such failure to substantially comply.

2. **Uniform Commercial Code § 79— price of collateral at public sale—no hearing afforded debtor**

    The allegations of a debtor of an inadequate and unreasonably low price obtained for the collateral at a public sale do not justify a hearing upon the question of commercial reasonableness if there was in fact a public sale following substantial compliance with the procedures provided in Part 6.

3. **Uniform Commercial Code § 79— public sale of collateral—sufficiency of notice to husband and wife**

    Though the better practice would be for the secured party to make separate mailings of notice of sale of the collateral to each debtor, the mailing of a joint notice to husband and wife at the residence address where they both lived was substantial compliance within the meaning of G.S. 25-9-601.

APPEAL by defendants Charles R. Murphy and Louise Murphy from *Exum, Judge*. Judgment entered 26 October 1976 in District Court, WAYNE County. Heard in the Court of Appeals 11 January 1978.

This is an action to recover judgment for the balance due on a note after the proceeds from the sale of collateral security had been credited on the note. The defendants Charles and Louise Murphy, husband and wife, are co-makers with their son Donnie Murphy (now deceased) on a note executed to plaintiff.

The note and security agreement in the principal amount of $4,800.00 was executed 22 April 1974 by Donnie Murphy to secure funds to purchase a 1968 Chevrolet dump truck. Plaintiff advised Donnie that in addition to a security interest in the truck it would require his mother and father to sign the note and security agreement with him. Donnie secured their signatures and the plaintiff disbursed the proceeds for the purchase of the truck. Payments on the note were at the rate of $175.87 monthly. After default in the payments Donnie voluntarily turned the truck over to plaintiff. Under terms of the security agreement plaintiff sold the truck for $1,500.00, and after applying the proceeds upon the note a balance of $2,678.06 remained due. This is the amount, plus interest and attorney fees, for which this action was instituted.

At the close of all the evidence the trial judge directed a verdict for plaintiff in the amount prayed for.

*Taylor, Warren, Kerr & Walker, by Robert D. Walker, Jr., for the plaintiff.*

*Barnes, Braswell & Haithcock, by Michael A. Ellis and R. Gene Braswell, for defendants.*

BROCK, Chief Judge.

[1] At trial and on appeal defendants challenged the constitutionality of G.S. 25-9-601, which is the first section of Part 6 of Article 9, Chapter 25 (Uniform Commercial Code) of the North Carolina General Statutes upon the grounds that it violates the due process clause of the Fourteenth Amendment.

Part 6 is entitled, "Public Sale Procedures." The first section of Part 6, G.S. 25-9-601, is entitled, "Disposition of collateral by

public sale." This portion of G.S. 25-9-601 which is the subject of defendants' challenge reads as follows: "[A]ny disposition of the collateral by public sale wherein the secured party has substantially complied with the procedures provided in this part *shall conclusively be deemed to be commercially reasonable in all aspects*." (Emphasis added.)

The procedures in Part 6 which are pertinent to this appeal are those contained in G.S. 25-9-602 (Contents of notice of sale) and G.S. 25-9-603 (Posting and mailing notice of sale).

Where there is no perishable property, which would bring G.S. 25-9-604 into operation; or no postponement of the public sale, which would bring G.S. 25-9-605 into operation; or no order restraining or enjoining the public sale, which would bring G.S. 25-9-606 into operation; a showing by the secured party that the contents of the notice of sale were substantially in accord with G.S. 25-9-602, that the notice of sale was posted and mailed substantially in accord with G.S. 25-9-603, and that a public sale was held in accordance with the notice of sale, makes a *prima facie* showing of substantial compliance with the procedures provided in Part 6. Under the foregoing circumstances, absent allegations and evidence of a failure to substantially comply with the contents of the notice of sale procedures, or of a failure to substantially comply with the posting and mailing of notice procedures, or of failure to hold a public sale as advertised, it is a question of law for the court whether the secured party has substantially complied with the procedures provided in Part 6. Upon determination that the secured party has so complied, the secured party is entitled to the conclusive presumption that the sale was commercially reasonable in all aspects. The allegations by the debtor of an inadequate and unreasonably low price do not justify a hearing upon that question, if there was in fact a public sale following substantial compliance with the procedures provided in Part 6. *See Graham v. Bank*, 16 N.C. App. 287, 192 S.E. 2d 109, *cert. denied*, 282 N.C. 426, 192 S.E. 2d 836 (1972).

When the procedures provided in Part 6 are substantially complied with there are at least five days public notice of the intended sale, notice of the intended sale is mailed to each debtor at least five days before the date of sale, and a public sale is in fact held at the time and place stated in the notices. This procedure

gives the debtor(s) ample opportunity to protect his interest by paying the debt, finding a buyer, or being present at the sale to bid, so that the collateral is not sacrificed by a sale at less than its true value. *Hodges v. Norton*, 29 N.C. App. 193, 223 S.E. 2d 848 (1976).

If the secured party fails to substantially comply with the procedures provided in Part 6, the debtor, in a suit by the secured party for a deficiency judgment, may contest the matter by appropriate responsive pleadings alleging such failure to substantially comply. If there is competent evidence to support a finding that the secured party did not substantially comply with the procedures provided in Part 6, an issue for the jury is raised. If the jury finds that the secured party did not substantially comply with the procedures in Part 6, the secured party is put to the further burden of proof to satisfy the jury by the greater weight of the evidence that the sale was commercially reasonable.

These protections of the interest of the debtor(s) comport with due process. In our opinion the provision of G.S. 25-9-601 which provides "any disposition of the collateral by public sale wherein the secured party has substantially complied with the procedures provided in this part [Part 6] shall conclusively be deemed to be commercially reasonable in all aspects" does not offend the due process clause of the Fourteenth Amendment to the Constitution of the United States or the due process requirements of Article I, Section 19 of the Constitution of North Carolina.

[2] Defendants argue that it was error for the trial court to exclude the testimony of their witness as to his opinion of the true value of the truck at the time of the public sale. Defendants did not offer evidence to show a failure by the secured party to substantially comply with the procedures provided in Part 6, Article 9, Chapter 25 of North Carolina General Statutes. Therefore, as pointed out above, the allegations of the debtor of an inadequate and unreasonably low price do not justify a hearing upon that question, if there was in fact a public sale following substantial compliance with the procedures provided in Part 6.

[3] Defendants argue that it was error for the trial court to direct a verdict for the plaintiff. In this case, from evidence offered by the secured party, the execution of the note and security

agreement was established; default in payment of the note was established; the balance due on the note was established; the contents of the notice of sale were established; and the posting of the notice of sale was established, all without controversy. The only controversy over the mailing of notice of sale is as follows: the evidence shows that notice of sale was mailed to Donnie R. Murphy by certified mail with a return receipt requested; it also shows that notice of sale was mailed to Charles and Louise Murphy by certified mail with a return receipt requested. Each was mailed to the address where the three debtors lived together, along with Ora B. Murphy, mother of Charles Murphy. Each notice was delivered by the United States Postal Service to defendants' home address on the same day, 10 April 1975. Each was signed for by Ora B. Murphy, mother of Charles. The mailing to Donnie R. Murphy was signed: Donnie R. Murphy by Ora B. Murphy. The mailing to Charles and Louise Murphy was signed: Charles R. Murphy by Ora B. Murphy. From this evidence the femme defendant contends and testified that she did not receive a notice of sale.

While we agree that it would be a far better practice for the secured party to make a separate mailing of notice to each debtor, nevertheless the mere fact that Ora Murphy signed only the name of her son, Charles R. Murphy, does not destroy the compliance by the secured party in mailing the notice to Charles and Louise Murphy. Two notices of sale went to the same residence address on the same day, which was eleven days before the intended sale. It strains credulity to suggest that the femme defendant was not made aware of the impending sale. In any event, the secured party was only required to show compliance with the procedures of Part 6 for mailing the notice of sale. It was not required to show actual notice.

As stated above, the better practice would be for the secured party to make separate mailings of notice to each debtor. However, the mailing of a joint notice to husband and wife at the residence address where they both lived was substantial compliance within the meaning of G.S. 25-9-601.

Beyond the questions of posting and mailing notices of the public sale, it was stipulated that the 1968 Chevrolet dump truck was sold at public auction on 21 April 1975 for the purchase price

of $1,500.00. Further, the uncontroverted evidence shows a proper application of the purchase price to the balance due on the note.

Under the circumstances of this case there was no competent evidence to support a finding that the secured party had failed to substantially comply with the procedures provided in Part 6, Article 9, Chapter 25, General Statutes of North Carolina. Therefore we hold that the trial judge properly directed a verdict for the plaintiff.

Affirmed.

Judges VAUGHN and ERWIN concur.