DON JENKINS & SON FORD-MERCURY, INC. v. RUSSELL CATLETTE AND
INEZ COTTEN CATLETTE

No. 8210DC35

(Filed 16 November 1982)

**Uniform Commercial Code § 46 — sale of repossessed car — commercial reasonableness**

The evidence supported the trial court's determination that plaintiff creditor's sale of a repossessed car for $6,345.00 ($5,995.00 plus a trade-in appraised at $350.00) was commercially reasonable, although plaintiff had earlier listed the selling price of the repossessed car as $6,995.00, where there was testimony that the use of an overallowance for a trade-in is a well established trade practice, and where the resale price was 88% of the original sale price of the car. G.S. 25-9-504(3); G.S. 25-9-507(2).

APPEAL by defendants from *Barnette, Judge.* Judgment entered 25 August 1981 in District Court, WAKE County. Heard in the Court of Appeals 20 October 1982.

Defendants bought a 1979 Mercury Cougar from plaintiff on 2 October 1980 for $7,225.50. They made a down payment of $300 and executed a conditional sales contract for the balance of the purchase price.

When defendants became delinquent in their payments, plaintiff lawfully repossessed and sold the car. Notice was given to the defendants before the private sale occurred on 17 March 1981.

Upon sale of the repossessed car, plaintiff received $5,995 and a 1972 Ford with an appraised value of $350 as a trade-in. The trial court found this $6,345 total to be a reasonable selling price. Plaintiff had earlier listed the selling price of the repos-

sessed car as $6,995. The $650 difference between the earlier price and the actual selling price was termed a "Trade-In Adjustment-Overallowance" by plaintiff.

The trial court awarded plaintiff a deficiency judgment for $794.09 after demand on defendants for payment of that amount proved unsuccessful. That figure equals the loan payoff of $7,014.09 minus the actual selling price of $6,345 plus a sales commission of $125. From this judgment, the defendants appealed.

*Akins, Mann, Pike & Mercer, by J. Jerome Hartzell, for plaintiff-appellee.*

*Howard & Morelock, by Fred M. Morelock, for defendant-appellants.*

ARNOLD, Judge.

Defendants argue that the resale of the repossessed car in this case was not "commercially reasonable" as that term is defined in G.S. 25-9-504(3), and that the selling price should be $6,995, which would reduce the deficiency judgment against them.

G.S. 25-9-504(2) allows plaintiff, a secured party, to recover a deficiency from defendant debtors, when property subject to a security interest is repossessed and sold for less than the amount of the debt. But G.S. 25-9-504(3) requires that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." The case *sub judice* turns on whether the sale by plaintiff of the repossessed car met this standard.

When a secured party seeks a deficiency judgment, it has the burden of "establishing compliance with the twin duties of reasonable notification and commercially reasonable disposition." *North Carolina National Bank v. Burnette,* 297 N.C. 524, 529, 256 S.E. 2d 388, 391 (1979). *Accord, ITT-Industrial Credit Co. v. Milo Concrete Co.,* 31 N.C. App. 450, 229 S.E. 2d 814 (1976) and cases cited therein. The notice given to defendant here is not attacked as inadequate.

Although G.S. 25-9-504 does not define commercial reasonableness, G.S. 25-9-507(2) helps in the determination:

The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner.

G.S. 25-9-507(2) provides "guiding rules" in defining commercial reasonableness, *Hodges v. Norton*, 29 N.C. App. 193, 197, 223 S.E. 2d 848, 851 (1976), a concept that has been "notoriously difficult to define and . . . therefore . . . unevenly applied by courts and juries." *Burnette*, 297 N.C. at 530, 256 S.E. 2d at 391. But one commentator suggests that a flexible standard "is perhaps the only effective way of assuring that unfair practices do not go undetected." Comment, *The Standard of Commercial Reasonableness in the Sale of Repossessed Collateral by Secured Creditors in North Carolina*, 15 Wake Forest L. Rev. 71, 87 (1979).

When deciding if a sale of repossessed collateral meets the statute the trier of fact must consider all of the elements of the sale together. *Allis-Chalmers Corp. v. Davis*, 37 N.C. App. 114, 245 S.E. 2d 566 (1978). An authority often quoted in interpreting the Uniform Commercial Code points to three factors to consider in deciding if the resale price was adequate: 1) price handbooks, 2) expert testimony about fair market value and 3) price received on a second resale. J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 26-11 (1972).

Although there is no evidence in the record here about price handbooks, the other two factors were considered. The plaintiff's employee testified that the use of overallowances in motor vehicle sales is "a well established trade practice" when a trade-in is used as partial payment of the vehicle being purchased as in this case. G.S. 25-9-507(2) cites selling "in conformity with reasonable commercial practices among dealers in the type of property sold" as commercially reasonable. Defendants did not refute this testimony.

The other factor to be noted is the $6,345 price for which plaintiff resold the repossessed car. This amount is not "a truly gross inadequacy in price," *Allis-Chalmers Corp.*, 37 N.C. App. at 118, 245 S.E. 2d at 570, that the statute prohibits. Although the ratio of the resale price to the original sale price is not determinative in these cases, we note that the ratio here was about 88 percent, a reasonable resale price given the lag of over five months between the original sale to defendants and the resale after repossession.

Defendants may be correct in asserting that the setting of the amount of overallowance by plaintiff is arbitrary. However, we find the overallowance in this case was commercially reasonable and thus, renders unnecessary the consideration of whether this practice violates G.S. 25-9-504(3).

The trial judge as the trier of fact found that the resale price was "a reasonable selling price at the time the car was sold." Given the fact that there was evidence to support this finding, it is conclusive on appeal even though the evidence might support a finding to the contrary. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968). 1 Strong's N.C. Index 3d *Appeal and Error* § 57.2 (1976).

Affirmed.

Judges HILL and JOHNSON concur.