CARLTON FRITTS, PLAINTIFF v. GEORGE P. SELVAIS, DEFENDANT

No. 9026SC926

(Filed 4 June 1991)

1. **Appeal and Error § 147 (NCI4th)— deficiency judgment— argument that collateral retained— not raised at trial**

   Defendant in an action for a deficiency judgment could not raise on appeal the argument that plaintiff had retained the collateral after repossession where defendant did not raise that argument before the trial court.

   **Am Jur 2d, Appeal and Error §§ 545 et seq.**

2. **Appeal and Error § 147 (NCI4th)— deficiency judgment— sale of collateral— reasonableness of price— incompetent evidence— no objection at trial**

   There was evidence in an action for a deficiency judgment to support the trial court's finding that the sale price of the collateral was commercially reasonable where plaintiff testified

that the amount was the market value for a person who walked in off the street without knowing anything about the business. Defendant cannot argue the incompetency of that evidence on appeal because he failed to object or move to strike at trial.

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

APPEAL by defendant from judgment filed 20 March 1990 in MECKLENBURG County Superior Court by *Judge Robert M. Burroughs.* Heard in the Court of Appeals 13 March 1991.

*Barbara L. White for plaintiff-appellee.*

*Cannon & Blair, P.A., by Bentford E. Martin, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment filed 20 March 1990, awarding plaintiff a deficiency judgment in the amount of $40,585.

In 1983, plaintiff, Carlton Fritts, sold to defendant, George Selvais, the primary assets of plaintiff's diesel engine repair and reconstruction business. Defendant incorporated and operated the business under the name of Beltech Enterprises, Inc. (Beltech).

In connection with the sale of the assets, plaintiff and defendant executed a Closing Agreement, an Employment Agreement and a Lease Agreement under which defendant agreed to lease plaintiff's building for the operation of the business. Also in connection with the sale, defendant executed to plaintiff two promissory notes, one in the amount of $247,000 and one in the amount of $10,000. This debt was secured by a Security Agreement in which defendant pledged the purchased assets as collateral.

Between October, 1983 and August, 1985, defendant operated a diesel repair business but was unable to make all payment obligations to plaintiff. On 30 August 1985, plaintiff declared defendant to be in default and repossessed the collateral pursuant to his rights under the Security Agreement. At that time, plaintiff and defendant executed a Repossession Agreement. In this agreement, defendant and Beltech admitted default, tendered the collateral for repossession, and waived any right to notice of a public or private sale of the collateral and of any proposal by plaintiff to retain the collateral in satisfaction of the debt. The agreement

FRITTS v. SELVAIS

[103 N.C. App. 149 (1991)]

further provided that plaintiff would release defendant from any liability for any deficiency in excess of $75,000, and that defendant would retain all defenses he may have to any claim by plaintiff for a deficiency.

Upon repossession, plaintiff re-entered the premises and operated the business in his own name for a period of two to five weeks, after which time plaintiff incorporated the business under the name of Tarheel Diesel Service, Inc. (Tarheel). Plaintiff was the only shareholder in this corporation, and plaintiff and his wife were the only officers in the corporation. Plaintiff then transferred the repossessed collateral to Tarheel in exchange for a promissory note made to plaintiff by Tarheel in the amount of $26,415. This note was signed by plaintiff in his capacity as president of Tarheel.

In February, 1988, plaintiff filed this action seeking a deficiency judgment in the amount of $75,000.

---

The issues are: (I) whether plaintiff retained the collateral in satisfaction of the debt owed by defendant such that defendant is relieved of any deficiency; and (II) whether the sale of the collateral failed to meet the statutory requirement that the sale be commercially reasonable.

I

[1] Defendant first argues that plaintiff, after repossession, retained the collateral and thereby discharged any claim for a deficiency against defendant. N.C.G.S. § 25-9-505(2) (1986) (providing that the secured party may retain the collateral in satisfaction of the debtor's obligation). Specifically, defendant argues that Tarheel was plaintiff's "alter ego" and should not be considered as a separate entity. If the corporate entity is disregarded, plaintiff would be deemed to have retained the collateral himself in satisfaction of defendant's obligation and would thereby be precluded from seeking any deficiency.

However, regardless of the merits of defendant's alter ego theory, defendant cannot now make this argument. Nowhere in the pleadings, the record or the transcript did defendant ever raise this argument before the trial court. Defendant's contention that plaintiff's action for a deficiency is barred on the basis that Tarheel is plaintiff's alter ego is an affirmative defense. *See* W. Shuford,

North Carolina Civil Practice and Procedure § 8-7 (3d ed. 1988) (a defense which "introduces new matter in attempt to avoid the plaintiff's claim regardless of the truth or falsity of the allegations in the complaint[ ] must be considered an affirmative defense"). *See, e.g., Noble Exploration, Inc. v. Nixon Drilling Co.*, 794 S.W.2d 589 (Tex. Ct. App. 1990) (the use of an alter ego theory to establish an independent reason why plaintiff should not recover constitutes an affirmative defense). Because defendant did not assert this "affirmative defense in his pleadings or in the trial, he cannot present it on appeal." *Delp v. Delp*, 53 N.C. App. 72, 76, 280 S.E.2d 27, 30, *disc. rev. denied*, 304 N.C. 194, 285 S.E.2d 97 (1981).

## II

[2] Defendant next argues that the price received from Tarheel for the collateral was not commercially reasonable. The applicable statute provides in part:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and *terms* must be commercially reasonable.

N.C.G.S. § 25-9-504(3) (1986) (emphasis added). The price received is one of the "terms" of the sale for purposes of this subsection. *Allis-Chalmers Corp. v. Davis*, 37 N.C. App. 114, 117, 245 S.E.2d 566, 569 (1978). Furthermore, commercial reasonableness is a question of fact, *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 722, 329 S.E.2d 728, 730 (1985), and in this non-jury case the facts were determined by the trial judge.

In the present case, the trial court found the sale commercially reasonable, and expressly found it commercially reasonable with respect to price. Therefore, if this finding is supported by any competent evidence it is conclusive on appeal. *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988).

Three factors have been identified to give some guidance in determining the commercial reasonableness of the resale price of collateral: (1) the price reflected by price handbooks, (2) the fair market value of the collateral, and (3) the price received on a second resale. *Don Jenkins & Son v. Catlette*, 59 N.C. App. 482, 484, 297 S.E.2d 409, 411 (1982), *citing* J. White & R. Summers,

FRITTS v. SELVAIS

[103 N.C. App. 149 (1991)]

*Handbook of the Law Under the Uniform Commercial Code* § 26-11 (1972). In this case, plaintiff testified that there are no manufacturers' price handbooks available to the public from which a price for the collateral could be ascertained. Though plaintiff testified that he ultimately resold the collateral, there is no evidence of the price paid by the buyer. However, in response to the question regarding plaintiff's opinion of the fair market value of the collateral at the time he transferred it to Tarheel, plaintiff testified that the amount of $26,415 was "what I would call the market value of [the inventory, equipment, and fixtures of the business] for a person that's walked in off the street and don't [sic] know anything about the business and buy it, what was left."

Defendant argues, however, that plaintiff's evidence of value is incompetent because the concept of "fair market value" assumes a willing buyer who understands and appreciates the value of the goods to other knowledgeable buyers in the open market, and not a buyer who walks in off the street and knows nothing of the business. Assuming defendant's contention is correct, defendant did not, at trial, object to the question asked or move to strike the response given in regard to the value of the collateral upon repossession. *See* N.C.R. Evid. 103(a)(1) (1986) (no particular form required to preserve error for appeal as long as objection or motion to strike "clearly presented the alleged error to the trial court"). Unless evidence is rendered incompetent by statute, which is not the present case, the "[f]ailure to object to the introduction of evidence is a waiver of the right to do so, 'and its admission, even if incompetent, is not a proper basis for appeal.'" *Christensen v. Christensen*, 101 N.C. App. 47, 54, 398 S.E.2d 634, 638 (1990) (citations omitted); N.C.R. Evid. 103 (error may not be predicated upon a ruling admitting evidence unless ". . . a timely objection or motion to strike appears of record"); 1 H. Brandis, Brandis on North Carolina Evidence (3d ed. 1988) (judge may, but is not required to, exclude inadmissible evidence in the absence of objection, "and a failure to make an objection waives it").

By failing to object or to move to strike plaintiff's evidence regarding the value of the collateral at trial, and in the absence of any evidence in the record that the trial judge excluded the evidence without an objection or motion to strike, defendant cannot argue the incompetency of this evidence on appeal. Accordingly, for the purposes of this appeal, plaintiff's evidence is deemed com-

petent to support the trial court's finding that the price was commercially reasonable.

Affirmed.

Judges WELLS and WYNN concur.