GREGORY POOLE EQUIPMENT COMPANY v. BILLY MURRAY AND HENRY E. MURRAY

No. 9110SC223

(Filed 17 March 1992)

1. **Uniform Commercial Code § 35 (NCI3d)— accommodation endorser—agreement not a negotiable instrument**

   A guarantor was not an accommodation endorser because the agreement which was guaranteed contained a number of promises in addition to an unconditional promise or order to pay a sum certain and was therefore not a negotiable instrument. N.C.G.S. § 25-3-104.

   **Am Jur 2d, Bills and Notes §§ 138, 139, 141.**

2. **Uniform Commercial Code § 47 (NCI3d)— guaranty—notice of sale of collateral—summary judgment for guarantor**

   The trial court did not err by concluding that a guarantor, as a "debtor," had the right to notice of sale of the collateral in an action for a deficiency judgment where notice of sale had not been given to the guarantor. N.C.G.S. § 25-9-504(3), N.C.G.S. § 25-9-105.

   **Am Jur 2d, Secured Transactions § 616.**

   **Uniform Commercial Code: failure of secured creditor to give required notice of disposition of collateral as bar to deficiency judgment. 59 ALR3d 401.**

3. **Uniform Commercial Code § 47 (NCI3d)— sale of collateral— guarantor's right to notice—not waivable**

   A predefault waiver of notice signed by the guarantor in a guaranty agreement was invalid because, under N.C.G.S. § 25-9-501(3), a debtor may not waive the rights appearing

GREGORY POOLE EQUIPMENT CO. v. MURRAY

[105 N.C. App. 642 (1992)]

in N.C.G.S. § 25-9-504(3), which include notice of sale and a commercially reasonable disposition of the collateral. The decision in *Borg-Warner Acceptance Corp. v. Johnston*, 97 N.C. App. 575, is not dispositive on the issue of a guarantor's waiver.

**Am Jur 2d, Secured Transactions § 617.**

**Loss or modification of right to notification of sale of repossessed collateral under Uniform Commercial Code sec. 9-504. 9 ALR4th 552.**

4. **Uniform Commercial Code § 47 (NCI3d); Guaranty § 21 (NCI4th) — notice of sale not given to guarantor — deficiency judgment — summary judgment for guarantor**

A summary judgment for a guarantor in an action for a deficiency judgment was reversed where the guarantor did not receive notice of sale of the collateral and there was a genuine issue of material fact as to whether the sale was commercially reasonable. Although a creditor's failure to give notice does not bar recovery of a deficiency judgment, lack of notice raises a presumption that the collateral was worth at least the amount of the debt, a presumption which may be overcome by proving that the collateral was sold at market value and that the market value was less than the amount of the debt.

**Am Jur 2d, Secured Transactions §§ 616, 618, 619, 621-623.**

**Uniform Commercial Code: burden of proof as to commercially reasonable disposition of collateral. 59 ALR3d 369.**

Judge GREENE concurring in the result.

APPEAL by plaintiff from order entered 7 December 1990 in WAKE County Superior Court by *Judge Howard E. Manning, Jr.* Heard in the Court of Appeals 3 December 1991.

*Howard, From, Stallings & Hutson, P.A., by Peggy S. Vincent and John N. Hutson, Jr., for plaintiff-appellant.*

*Ramsey, Galloway & Abell, by Mark E. Galloway, for defendant-appellee.*

GREGORY POOLE EQUIPMENT CO. v. MURRAY

[105 N.C. App. 642 (1992)]

WYNN, Judge.

The defendant Henry E. Murray ("Henry") is the brother of the defendant Billy Murray ("Billy"), and there is no business relationship between these brothers. Henry executed the following "Guaranty by Seller or Third Persons" guaranteeing a Purchase Money Security Agreement (hereinafter "Security Agreement") which had been signed by Billy in favor of the plaintiff, creditor:

> Undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing thereunder, and the payment, upon demand, of the entire amount owing on said Contract in the event of default in payment by Debtor named therein. Undersigned waives notice of acceptance of this guaranty, of any extensions in time of payment, of sale of any collateral and of all other notices to which the undersigned would be otherwise entitled by law and agrees to pay all amounts owing hereunder upon demand, without requiring any action or proceeding against Debtor.

Billy defaulted in payment of the Security Agreement and voluntarily surrendered possession of the collateral to plaintiff in compliance with the Security Agreement. Plaintiff then posted the notice of sale at the Alamance County Courthouse and mailed a notice of public sale to Billy, but not to Henry. Prior to the public sale, plaintiff's equipment manager appraised the collateral at approximately seventy thousand dollars. Plaintiff then purchased the collateral at the public sale on 26 August 1987 for seventy-three thousand dollars.

Subsequently, plaintiff invested more than fifteen thousand dollars in labor and materials to improve the collateral's marketability, but later sold it at a second public sale for sixty-five thousand dollars. Plaintiff deducted the proceeds of the first public sale from the debt owed by Billy and proceeded against both defendants for a deficiency judgment of $80,703.51 plus interest. The trial court granted summary judgment in favor of Henry and granted plaintiff's motion for summary judgment against Billy. From the order granting summary judgment in favor Henry, plaintiff appealed.

I.

[1] Prior to discussing the merits of the case, we must determine whether Henry is an accommodation endorser as defined by Article

GREGORY POOLE EQUIPMENT CO. v. MURRAY

[105 N.C. App. 642 (1992)]

Three of North Carolina's codification of the Uniform Commercial Code, N.C. Gen. Stat. §§ 25-1-101 to 25-11-108 (1986 & Supp. 1991) (hereinafter "U.C.C."). Appellant contends, in a reply brief, that the appellee's designation of himself as an accommodation endorser is inaccurate. We agree.

An accommodation party is any party who signs a negotiable instrument "in any capacity for the purpose of lending his name to another party to it." N.C. Gen. Stat. § 25-3-415 (1986). Henry is an accommodation endorser, therefore, if the Security Agreement at issue is a negotiable instrument. Article Three of the U.C.C. contains the following definition of a negotiable instrument:

(1) Any writing to be a negotiable instrument within this Article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or bearer.

*Id.* § 25-3-104.

The agreement between the parties in the instant case is a Purchase Money Security Agreement (Conditional Sales Contract). It is not a negotiable instrument because it contains a number of promises in addition to "an unconditional promise or order to pay a sum certain." Accordingly, we find that Henry is not an accommodation endorser.

II.

[2] Plaintiff contends that the trial judge erred in concluding that Henry Murray, the guarantor, was entitled to notice of the public sale of the collateral securing the debt. We disagree with plaintiff's contention.

A guarantor is one who makes "a promise to answer for the payment of a debt or the performance of some duty in the event of the failure of another person who is himself primarily liable for such payment or performance." *Branch Banking and Trust Co.*

*v. Creasy*, 301 N.C. 44, 52, 269 S.E.2d 117, 122 (1980). The crux of this controversy is whether the term "debtor" in Article Nine includes guarantors. This is a matter of first impression for our courts. We begin by examining the definition of the term "Debtor" under the statute:

> "Debtor" means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of a collateral in any provision of the article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires . . . .

N.C. Gen. Stat. § 25-9-105(1)(d) (1991). Section 25-9-112 expands on this definition by describing the secured party's obligations to an owner of collateral who is not the debtor. *See id.* (1986), Official Comment.

Because a guarantor stands in the shoes of the debtor with respect to liability, a guarantor who unconditionally guarantees the debt of another "owes payment or other performance of the obligation secured." Also, expanding the definition of debtor under section 25-9-112 to include a third-party owner of collateral who is not liable for a deficiency while excluding a guarantor who is liable for the entire deficiency is both arbitrary and unfair. We, therefore, find that a guarantor is a "debtor" as defined in section 25-9-105. Our position reflects the basic policy of the Code to place function over form. *See* N.C. Gen. Stat. § 25-9-101 (1986), Amended Official Comment ("The scheme of this Article is to make distinctions, where distinctions are necessary, along functional rather than formal lines."). This interpretation also is in accord with the overwhelming majority of jurisdictions in the United States. *See, e.g., Prescott v. Thompson Tractor Co.*, 495 So. 2d 513 (Ala. 1986); *Connolly v. Bank of Sonoma County*, 184 Cal. App. 3d 1119, 229 Cal. Rptr. 396 (1986); *May v. Women's Bank, N.A.*, 807 P.2d 1145 (Colo. 1991); *Commercial Discount Corp. v. Bayer*, 57 Ill. App. 3d 295, 372 N.E.2d 926 (1978); *U.S. v. Jensen*, 418 N.W.2d 65 (Iowa 1988); *Bank of Burwell v. Kelley*, 233 Neb. 396, 445 N.W.2d 871 (1989); *Credit Car Leasing Co. v. DeCresenzo*, 138 Misc. 2d 726, 525 N.Y.S.2d

492 (1988); *Vermont National Bank v. Hamilton*, 149 Vt. 477, 546 A.2d 1349 (1988).

Under the Code, a "debtor" has the right to receive notice of sale, N.C. Gen. Stat. § 25-9-504(3):

> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the *debtor*, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

N.C. Gen. Stat. § 25-9-504(3) (emphasis added). Notice of sale allows those persons with an interest in the collateral to protect their "interest in the collateral by paying the debt, finding a buyer, or being present at the sale to bid, so that the collateral is not sacrificed by a sale at less than its true value." *Hodges v. Norton*, 29 N.C. App. 193, 197, 223 S.E.2d 848, 850 (1976). *See First Alabama Bank of Montgomery, N.A. v. Parsons*, 390 So. 2d 640, 642 (Ala. Civ. App. 1980).

Based on our conclusion that a debtor includes a guarantor under Article Nine, we find that a guarantor is entitled to the protections of 25-9-504(3). Our decision is based on the preference for construing terms within a statute consistently, the policy of the Code, and the existence of North Carolina's nonuniform default provisions. The drafters of the Code were extremely protective of the debtor's rights upon default. N.C. Gen. Stat. § 25-9-101, Amended Official Comment ("Except for procedure on default, freedom of contract prevails between the immediate parties to the security transaction."). Additionally, failure to include guarantors within the definition of debtor may result in the ultimate deprivation of the debtor's section 25-9-504(3) defense since the guarantor may seek reimbursement from the debtor. The maintenance of the primary debtor's rights are particularly important when viewed in light of North Carolina's nonuniform provision

on default, Part Six of Article Nine, which establishes a conclusive presumption of commercial reasonableness when a secured party gives notice of a disposition by public sale in substantial compliance with its provisions. N.C. Gen. Stat. §§ 25-9-601 to 25-9-607 (1986). *See North Carolina Nat'l Bank v. Burnette*, 297 N.C. 524, 256 S.E.2d 388 (1979); *Triad Bank v. Elliott*, 101 N.C. App. 188, 399 S.E.2d 1 (1990); *ITT-Industrial Credit Co. v. Milo Concrete Co.*, 31 N.C. App. 450, 229 S.E.2d 814 (1976).

Moreover, sending notice of sale to guarantors will not place an undue hardship on creditors. The creditor presumably has possession of the guarantor's address on the guaranty. Furthermore, section 25-9-603(2) does not require actual receipt of notice. *Burnette*, 297 N.C. at 531-32, 256 S.E.2d at 392-93. Rather, the secured party need only "mail by registered or certified mail a copy of the notice of sale to each debtor . . . (a) at the actual address of the debtors, if known to the secured party, or (b) at the address, if any, furnished the secured party, in writing, by the debtors, or otherwise at the last known address." N.C. Gen. Stat. § 25-9-603(2) (1986).

In the instant case, therefore, we find that the trial court did not commit error in finding that the guarantor, Henry Murray, as a "debtor," had the right to notice of sale under sections 25-9-501(3)(b), 25-9-603, and 25-9-504(3). We affirm the trial court on this issue.

## III.

[3] Plaintiff also assigns error to the trial court's determination that the guarantor's right to notice is not waivable. For the reasons which follow, we overrule plaintiff's assignment of error.

Under N.C. Gen. Stat. § 25-9-501(3), a debtor may not waive, among other things, the rights appearing in section 25-9-504(3), which include notice of sale and a commercially reasonable disposition of the collateral. Appellant argues that this Court's decision in *Borg-Warner Acceptance Corp. v. Johnston*, 97 N.C. App. 575, 389 S.E.2d 429 (1990), established that a guarantor can waive Article Nine protections. We do not find that *Borg-Warner* is dispositive on this issue for the following reasons: (1) the statements concerning waiver were dicta; (2) the Court addressed the waiver issue as to sections 25-9-504(1)(a)—(b) and 25-9-504(2), rather than 25-9-504(3); and (3) the case arose in the context of a bankruptcy, so the guarantor had lost rights in the collateral.

We find that a predefault waiver of the protections under section 25-9-501(3) by the guarantor, as a "debtor," is unenforceable. In the case at bar, therefore, the waiver of notice signed by Henry Murray in the guaranty agreement is invalid. We affirm the decision of the trial judge on this issue.

## IV.

[4] The plaintiff also argues that the trial court erred in concluding that the failure of the secured party to provide notice of sale to the guarantor deprives the secured party of the right to seek a deficiency judgment and in granting summary judgment in favor of Henry. We agree.

A secured party, when seeking a deficiency judgment, has the burden of establishing reasonable notification and a commercially reasonable disposition. *Don Jenkins & Son Ford-Mercury, Inc. v. Catlette*, 59 N.C. App. 482, 297 S.E.2d 409 (1982). As stated above, a secured party seeking a deficiency judgment gains a conclusive presumption of commercial reasonableness if the party shows substantial compliance with the notice provisions of Part Six, N.C. Gen. Stat. §§ 25-9-601 to 25-9-607. *Burnette*, 297 N.C. at 530-31, 256 S.E.2d at 391-92.

A creditor's failure to give notice, however, does not constitute an absolute bar to the recovery of a deficiency judgment. *Hodges*, 29 N.C. App. at 198, 223 S.E.2d at 851. In *Church v. Mickler*, 55 N.C. App. 724, 287 S.E.2d 131 (1982), this Court decided that although a creditor's failure to give notice under section 25-9-504(3) does not bar recovery of a deficiency judgment, lack of notice raises a presumption that the collateral was worth at least the amount of the debt. *Id.* at 730, 287 S.E.2d at 135. The creditor may overcome this presumption by proving that the collateral was sold at market value, and that the market value was less than the amount of the debt. *Id.*

Plaintiff, the secured party in the instant case, will not gain the presumption under Part Six because no notice was sent to Henry Murray. Plaintiff will have to prove that the sale was commercially reasonable under Part Five of the Code. *See* N.C. Gen. Stat. § 25-9-507(2); *Don Jenkins & Son Ford-Mercury v. Catlette*, 59 N.C. App. 482, 297 S.E.2d 409 (1982). Accordingly, we reverse the trial court's determination that plaintiff is barred from seeking a deficiency judgment against Henry Murray.

GREGORY POOLE EQUIPMENT CO. v. MURRAY

[105 N.C. App. 642 (1992)]

Because we find that there is a genuine issue of material fact as to whether the sale was commercially reasonable, we reverse the trial court's order granting summary judgment in favor of Henry Murray and remand this case for trial. *See Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 329 S.E.2d 728 (1985) (Commercial reasonableness is a question of fact which does not lend itself to summary judgment.).

Based on our disposition of the other issues in this case, we need not address plaintiff's remaining assignments of error. For reasons stated above, we affirm in part and reverse in part the decision of the trial court and remand for a trial on the issue of commercial reasonableness.

Affirmed in part, reversed in part and remanded.

Judge PARKER concurs.

Judge GREENE concurs in the result by separate opinion.

Judge GREENE concurring in the result.

Although I agree with the majority's resolution of all issues, I write separately to explain why I believe *Borg-Warner Acceptance Corp. v. Johnston*, 97 N.C. App. 575, 389 S.E.2d 429 (1990) does not preclude our holding that Henry Murray's waiver of notice in the guaranty agreement is invalid. Because this Court in *Borg-Warner* did not resolve the issue of whether a pre-default waiver of notice of sale by the guarantor is enforceable, but rather held that a guarantor may waive the right to a commercially reasonable disposition of collateral, *id.* at 581-82, 389 S.E.2d at 433, *Borg-Warner* does not preclude our holding that pre-default waivers of notice of sale by guarantors are unenforceable.